UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| TRINA BOWERSOCK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 23-1368-JES |
| | ) |
| BRITANNY MATHERLY, et al., | ) |
| | ) |
| Defendants. | ) |

# ORDER AND OPINION

Plaintiff, a non-prisoner, has filed a *pro se* Complaint under 42 U.S.C. § 1983. Doc. 1. The Complaint contains the unredacted names of Plaintiff's minor children. In line with Seventh Circuit guidance and the Federal Rules of Civil Procedure, the Court ordered Plaintiff to resubmit the Complaint with proper redactions for public filing. *See* Text Order Dated September 29, 2023. And, the Court directed the Clerk to docket the Complaint under seal. *Id.* Plaintiff subsequently filed a Redacted Complaint (Doc. 3), along with a motion to proceed in forma pauperis ("IFP"). Doc. 4 (the "Motion").[1] For the reasons set forth below, the Motion (Doc. 4) is DENIED.

**BACKGROUND**

The IFP statute, 28 U.S.C. §1915(a)(1), is designed to ensure indigent litigants meaningful access to the federal courts. *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). In cases asserted under 28 U.S.C. § 1915, district courts must "screen the case before granting the privilege to proceed without prepayment of fees." *United States v. Durham*, 922 F.3d 845, 846 (7th Cir. 2019) (citing 28 U.S.C. § 1915(e)(2)). The Court is to review the sufficiency of the complaint and deny IFP status if: (1) the allegation of poverty is untrue; (2) the action is frivolous; (3) the action fails to

---

[1] This is Plaintiff's second motion to proceed IFP. *See* Doc. 2. Her first motion was denied with leave to refile because she failed to provide adequate financial information. *See* Text Order Dated September 29, 2023.

state a claim; or (4) the action seeks monetary relief against an immune defendant. 28 U.S.C. §1915(e)(2).

The Court has reviewed the IFP petition where Plaintiff attests that she receives approximately $500 in monthly income as part of her child support and welfare benefits. Doc. 4 at 1-2. Plaintiff also avers that she has no savings but is in possession of a motor vehicle with an estimated value of $1000. *Id.* at 2-3. Further, Plaintiff cares for her two dependent minor children. *Id.* at 3.[2] Although, her son receives social security disability benefits, and she accepts financial support from her father. *Id.* at 2, 4. For total monthly expenses, Plaintiff states that she only has $150 dollars in transportation costs. *Id.* at 4-5. The Court finds it difficult to imagine this to be Plaintiff's only expense, and given Plaintiff's limited monthly income, the Court finds Plaintiff has established indigency for purposes of IFP status. The Court will now consider the sufficiency of the Complaint.

When evaluating whether a *pro se* plaintiff has stated a claim under § 1915(e)(2)(B), courts use the same standards that apply to Federal Rule of Civil Procedure 12(b)(6) motions. *See Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1027 (7th Cir. 2013). Therefore, the court will take as true "all well-pleaded allegations of the complaint" and view them "in the light most favorable to the plaintiff." *Id.* (citing *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011)). The complaint must describe the claim in sufficient detail to put defendants on notice as to the nature of the claim and its bases, and it must plausibly suggest that the plaintiff has a right to relief. *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007). A complaint need not allege specific facts, but it may not rest entirely on conclusory statements or empty recitations of the elements of

---

[2] It is unclear as to whether Plaintiff's children are indeed dependent on her for support, as they appear to no longer be in her custody. *See* Doc. 4 at 5.

the cause of action. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

The Complaint is rooted in Plaintiff's assertion that the Illinois Department of Child and Family Services ("DCFS") removed her 5-year-old daughter, R.A.W, and 1-year-old son, R.K.W., from her custody, based on "untrue accusations" that she was "missing appointments." Doc. 4 at 3, 5; Doc. 1 at 8.[3] R.K.W. is disabled and has an extensive and complex medical history, including eight major surgeries. Doc. 4 at 2; Doc. 1 at 5; Doc. 3 at 5. The events giving rise to the Complaint occurred at a Center for Youth and Family Solutions ("CYFS") facility in Bloomington, IL on September 25, 2023, during Plaintiff's visit with her children.[4] Doc. 1 at 4; Doc. 3 at 4.

At the visit, Plaintiff discovered that R.K.W. had, *inter alia*, suffered the following injuries: "bite marks, bruises, an infected g tube, rash running his entire body, open bloody blisters covering his private areas…." Doc. 3 at 4; Doc. 1 at 4. Seemingly due to the panoply of harm, Plaintiff states that R.K.W. screeched in pain when she attempted to pick him up. Doc. 1. at 4; Doc. 3 at 4.

Plaintiff took pictures of R.K.W.'s injuries and showed a CYFS supervisor. Doc. 1 at 5; Doc. 3 at 5.[5] Plaintiff then stated to the supervisor that R.K.W. required medical attention, as his

---

[3] It is not clear whether R.K.W. is one or two years old, as Plaintiff's IFP petition provides two ages. Doc. 4 at 2, 3. And, Plaintiff appears to only have one son. *See* Doc. 1; Doc. 3.

[4] Plaintiff indicates that CYFS is an abbreviation for Center for Youth and Family Services. Doc. 1 at 4; Doc. 3 at 2, 4. However, the address provided by Plaintiff for the CYFS Individual Defendants is the location of the Center for Youth and Family Solutions, which also has a location in Bloomington. *See* The Center for Youth and Family Solutions, Locations, available at https://www.cyfsolutions.org/contact/locations/ (last accessed October 13, 2022). In contrast, it does not appear that an entity named the Center for Youth and Family Services exists in central Illinois. Accordingly, the Court shall construe Plaintiff's *pro se* Complaint as naming the appropriate entity, that is, the Center for Youth and Family Solutions.

[5] Plaintiff attached the photographs as an exhibit to the Complaint. *See* Doc. 1-1. The photographs display the child's injuries, in graphic detail. And so, the Court ordered the exhibit to be docketed under seal. *See* Text Order Dated September 29, 2023.

life was in danger. Doc. 1 at 5; Doc. 3 at 5.[6] The supervisor stated that she did not previously notice the injuries. Doc. 1 at 5. And, the supervisor told Plaintiff that her visit would be terminated if she called the DCFS hotline or the police. Doc. 1 at 5; Doc. 3 at 5. Furthermore, the supervisor indicated to Sara Green, a CYFS caseworker, that R.K.W. only had a rash. Doc. 1 at 5. Nevertheless, Plaintiff called the hotline as soon as her visit ended. Doc. 1 at 5; Doc. 3 at 5.[7] Plaintiff alleges that CYFS did not proceed to take R.K.W. to the hospital, or otherwise allow her to do so. Doc. 1 at 5; Doc. 3 at 5.

Several days later, CYFS called Plaintiff to inform her that R.K.W. was hospitalized, and in poor condition with a low pulse and low oxygen. Doc. 3 at 5. Plaintiff claims this is because R.K.W. was not given timely medical treatment. *Id.* Plaintiff asserts a violation of her constitutional right to have her son cared for by medical professionals during an emergency. *Id.*

Plaintiff alleges that this is not the first incident of neglect and that CYFS refuses to provide updates as to her children's status. Doc. 1 at 6. Plaintiff also contends that R.A.W. has a bruised spine and is beaten by an older child at her foster placement on a daily basis. *Id.* Plaintiff further asserts that she was denied access to her children for periods of 43 days and 21 days. *Id*. And, Plaintiff asserts that her children are prevented from visiting with one another. *Id.* at 15.

On the basis that the defendants are violating the rights of R.A.W. and R.K.W., as well as depriving Plaintiff of her right to associate with her children, Plaintiff has asked the Court to

---

[6] Plaintiff does not indicate which CYFS supervisor she spoke with.

[7] Plaintiff also attached a witness statement from Leslie Carroll, who attests that she overheard Plaintiff's call to the DCFS hotline. *See* Doc. 1 at 18-19. Plaintiff has not provided any other information regarding Ms. Carroll.

remove R.A.W. and R.K.W. from their current placements and to grant custody of the children to either Plaintiff or the children's grandmother. Doc. 1 at 6, 13; Doc. 3 at 6.[8]

### DISCUSSION

Plaintiff avers that Brittany Matherly (DCFS investigator), Aubrey Falligos (CYFS team supervisor), Stephanie Tanner (CYFS site supervisor), and Green (discussed *supra*) violated her rights and those of her children under § 1983.

To establish a claim under Section 1983, a plaintiff must show that the defendant: (1) acted under the color of state law and (2) deprived the plaintiff of a constitutionally protected right. *See Funderburgh v. Kuenzli*, DRL-23-93, 2023 WL 6389306, at *2 (N.D. Ind. Oct. 2, 2023) (quoting *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006) in turn citing *Lekas v. Briley*, 405 F.3d 602, 606 (7th Cir. 2005)).[9]

Here, the Court has no difficulty in determining at this juncture that the harm and neglect endured by R.K.W. and R.A.W., while in foster care, could rise to a deprivation of their constitutional rights. Indeed, it is well-established that a child in state custody has constitutional substantive due process protections that include a right to be free from unreasonable risk of harm. *See M.D. v. Abbott*, 152 F. Supp. 3d 684, 696 (S.D.T.X. 2015) (collecting cases). Additionally, the Court recognizes that "[p]arents enjoy a substantive right, grounded in the Due Process Clause, to associate with and direct the upbringing of their children." *Patton v. Kestel*, 668 F. App'x. 166,

---

[8] Plaintiff cites to the Youth Bill of Rights when detailing the individual defendants' collective neglect. *See* Doc. 1 at 14, 17; Doc. 3 at 8, 9.

[9] "The traditional understanding of what it means for an official to act "under color of state law" encompasses misconduct by officials exercising power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" *DiDonato v. Panatera*, 24 F.4th 1156, 1159 (7th Cir. 2022) (quoting *West v. Atkins*, 487 U.S. 42, 49 (1988)).

5

167 (7th Cir. 2016) (citing *Troxel v. Granville*, 530 U.S. 57, 65-66, (2000)). As such, a denial of this right, as Plaintiff suggests having suffered, could rise to a constitutional injury.

However, it is less clear whether all of the named defendants can be liable as state actors under § 1983, or for that matter, whether the Complaint appropriately connects each Individual Defendant's personal conduct to a constitutional deprivation. And, Plaintiff's apparent representation of her minor children, as well as her requested relief, both pose a hurdle to the Court's authority to preside over the case. I now address these issues in turn.

CYFS Individual Defendants

As noted, Plaintiff has filed suit under § 1983 against Individual Defendants Tanner, Green, and Falligos, all of whom appear to be employed by CYFS. Doc. 1 at 2-3; Doc. 3 at 2-3. CYFS, however, is not a governmental entity.[10]

Although § 1983 is usually asserted only against government officers due to its "under color of state law" requirement, it may be lodged against private individuals who exercise government power. *See Shields v. Illinois Dept. of Corrections*, 746 F.3d 782, 789 (7th Cir. 2014). "'In general terms, before a private party's conduct can be considered state action, there must be a sufficiently close nexus between the state and the private conduct so that the action may be fairly

---

[10] The Court takes judicial notice, *see Telford v. Aurora Health Care, Inc*., No. 22-3038, 2023 WL 5275918, at *1 (7th Cir. Aug. 16, 2023), of the Illinois Guardianship and Advocacy Commission report which clearly states that "CYFS is a private agency that contracts with [DCFS] for services." Illinois Guardianship and Advocacy Commission, Human Rights Authority – Peoria Region Report of Findings, Case #19-090-9021, Center for Youth and Family Solutions, available at https://gac.illinois.gov/content/dam/soi/en/web/gac/hra/hrareports/public-report-for-posting-CYFS-19-090-9021.pdf (last accessed October 13, 2023; *see also* The Center for Youth and Family Services, Our History, available at https://www.cyfsolutions.org/our-history/ ("On **March 1st of 2012**, The Center for Youth and Family Solutions began contracting with the Illinois Department of Children and Family Services and the Department of Human Services in the areas of child welfare, residential services, youth and community intervention, behavioral health and senior services.") (emphasis in original) (last accessed October 13, 2023).

treated as that of the State itself.'" *Timms v. Holsten Management Corp.*, JJT-21-947, 2023 WL 2058402, at *2 (N.D. Ill. 2023) (quoting *Wade v. Byles*, 83 F.3d 902, 905 (7th Cir. 1996)). "This requirement is an important statutory element because it sets the line of demarcation between those matters that are properly federal and those matters that must be left to the remedies of state tort law." *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 822-23 (7th Cir. 2009) (citing *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999)).

The State undoubtedly has a duty to care for children in its custody, and if CYFS acts as the State's agent in performing that duty, the CYFS Individual Defendants may be liable under § 1983 as constitutional actors. *See, e.g.*, *Golbert v. Aurora Chicago Lakeshore Hospital, LLC*, MMR-19-8257, 2021 WL 954759, at *3 (N.D. Ill. Mar. 11, 2021); *Woods v. Maryville Academy*, VML-17-8273, 2018 WL 6045219, at *7 (N.D. Ill. Nov. 19, 2018) (citing *Wallace v. Smyth*, 203 Ill.2d 441, 786 N.E.2d 980 272 Ill. Dec. 146, (2002)). The Complaint does not explicitly declare that Plaintiff's children are in the custody of CYFS. *See* Doc. 1; Doc. 3. But, Plaintiff's *pro se* filing is entitled to a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). And, given Plaintiff claims that she was visiting her children who are no longer in her care and that CYFS was responsible for providing her son with medical treatment but did not do so, the Court plausibly infers that CYFS exercised a custodial function over her children. Therefore, CYFS is a state actor for the purposes of holding the CYFS Individual Defendants liable under § 1983.

Nevertheless, the Court would be remiss not to address Judge Myerscough's recent decision in *Barlow-Johnson v. Center for Youth and Family Solutions*, SEM-22-3214, 2023 WL 5826966 (C.D. Ill. Sept. 8, 2023), as the case involves the same defendant and the same "state actor" issue, but with a different result due to inapposite facts.

In that case, the plaintiff gave birth in October 2021, and later that same month, DCFS launched an abuse and neglect investigation, prompted by an anonymous call to the "abuse hotline," which resulted in DCFS taking protective custody of the plaintiff's infant child. *Id.* at 2. The next month, DCFS contracted plaintiff's case out to CYFS. *Id.* at 2. The plaintiff claimed that the CYFS caseworkers mismanaged her case by, *inter alia*, failing to take reasonable efforts to place the infant child with plaintiff's family and erroneously classifying plaintiff as dangerous and suffering from mental illness. *Id.* at 2-3. The plaintiff claimed that these actions, attributed to CYFS and two CYFS employees, violated § 1983 by depriving her rights under the First and Fourteenth Amendments. *Id.* at 1. The plaintiff argued that CYFS was a state actor, and thus amenable to suit under § 1983, because it "is a private, not-for-profit Illinois child welfare agency that works for DCFS through a contractual agreement." *Id.* at 5. But, the court noted that "**the receipt of public funds alone** is insufficient to transform otherwise private actions into actions of the State." *Id.* (emphasis added) (citing *Doe By and Through G.S. v. Johnson*, SBC-92-7661, 1993 WL 75125, at *4 (N.D. Ill. March 15, 1993) (internal citations omitted)). In this way, the court dismissed the § 1983 action against CYFS and the CYFS employees as the defendants were not state actors.

Significantly, and dispositive to appropriately distinguishing the two cases, is that here, Plaintiff alleges the violation of her children's constitutional rights while in CYFS custody, whereas in *Barlow-Johnson*, the adult plaintiff alleged the violation of her own constitutional rights. Thus, the Court's determination here is not inconsistent with *Barlow-Johnson*.[11] This, however, does not end the inquiry as to the CYFS Individual Defendants' liability.

---

[11] The Court does not address whether CYFS is appropriately characterized as a state actor with respect to Plaintiff's allegation that her constitutional rights were violated as well. This is because, as discussed *infra*, the Court lacks jurisdiction to consider the merits of Plaintiff's claim as to her own injury. And, Plaintiff's jurisdictional woes do not appear salvageable.

"It is undoubtably true that defendants must play an individual role in some constitutional injury to warrant liability under § 1983." *Brown v. Williams*, SJC-17-1647, 2023 WL 6312083, at *2 (N.D. Ill. Sept. 28, 2023) (citing *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995)). Here, Plaintiff does not allege any constitutionally violative conduct by any CYFS Individual Defendant. In fact, there are absolutely no allegations concerning Tanner and Falligos. Plaintiff's reference to an interaction with an unnamed supervisor is inadequate to plead personal involvement in a constitutional injury. And, Plaintiff only states that Green was told by the unnamed supervisor that R.K.W. experienced a rash. Even though two of the defendants, Green and Falligos, hold supervisory positions, "supervisory liability under Section 1983 cannot attach unless there is a showing that the supervisor violated the Constitution through their own conduct." *Bedford v. DeWitt*, ___ F. Supp. 3d ___, 2023 WL 6312107, at *3 (N.D. Ill. Sept. 28, 2023) (citing *Stockton v. Milwaukee Cnty.*, 44 F.4th 605, 619 (7th Cir. 2022)). Here, no such showing has been made.[12]

In light of the foregoing, the Complaint must be dismissed against the CYFS Individual Defendants Tanner, Green, and Falligos, as Plaintiff has failed to allege any personal involvement

---

[12] The Court also notes that, even if Plaintiff had named CYFS as a defendant, the Complaint would not pass muster. *Monell v. New York City Dep't of Social Services*, 436 U.S. 658 (1978), held that municipalities, like other state actors, are subject to liability under § 1983 when their policies subject, or cause to be subjected, any U.S. citizen to the deprivation of a constitutional right. A private corporation, such as CYFS, that has contracted to provide essential government services is treated the same as municipalities for liability purposes under § 1983. *Glisson v. Ind. Dep't of Corrections*, 849 F.3d 372, 378-39 (7th Cir. 2017). Furthermore, "[m]unicipalities do not face *respondeat superior* liability under § 1983 for the misdeeds of employees or other agents. Only actions of the entity will suffice." *Flores v. City of South Bend*, 997 F.3d 725, 731 (7th Cir. 2021). So, Plaintiff would have to satisfy the "three requirements to establish a *Monell* claim—policy or custom, municipal fault, and 'moving force' causation." *Bohanon v. City of Indianapolis*, 46 F.4th 669, 676 (7th Cir. 2022). But, the Complaint, at a minimum, fails to establish that CYFS operated under a constitutionally violative policy. *See Dean v. Wexford Health Sources, Inc.*, 18 F.4th 214, 235 (7th Cir. 2021) (quotation marks omitted).

in connection with her children's constitutional injuries. *See Gonzalez v. McHenry County, Illinois*, 40 F.4th 824, 828 (7th Cir. 2022).

DCFS Individual Defendant

Plaintiff also alleges that Defendant Matherly, who is employed by DCFS as an investigator, violated her rights civil rights under § 1983. DCFS, unlike CYFS, is a governmental agency. *See* 20 ILCS 505/1. And, DCFS investigators, so long as they are personally involved in an alleged constitutional harm, are routinely found to act under the color of state law and thus subject to suit under § 1983. *See, e.g.*, *Hughes v. Jones*, 40 F. Supp. 3d 969, 980 (N.D. Ill. 2014); *DeLaFont v. Beckelman*, 264 F. Supp. 2d 650, 656-657 (N.D. Ill. 2003) (citing *Doyle v. Camelot Care Centers*, 305 F.3d 603 (7th Cir. 2002)). However, Plaintiff's claim against Defendant Matherly fails due to the same infirmity that mandated dismissal of the CYFS Individual Defendants: apart from naming Matherly as a defendant, Plaintiff does not state a single allegation concerning Matherly's conduct.[13]

Accordingly, the Complaint must be dismissed to the extent Plaintiff seeks to hold Defendant Matherly liable under § 1983. The Court's analysis could end here, but the Court must address the issues of justiciability that render the Complaint incapable of rehabilitation.

Minor Plaintiffs

Plaintiff seeks to sue the Individual Defendants, in part, for violating her children's constitutional rights to substantive due process. In essence, Plaintiff is suing the Defendants on behalf of her minor children, despite the children not being named as plaintiffs in the Complaint.

---

[13] It is not reasonable or plausible to infer that Plaintiff spoke with Matherly when calling the DCFS abuse hotline.

"To maintain a suit in a federal court, a child [] must be represented by a competent adult, ordinarily a parent or relative." *Johnson v. Collins*, 5 Fed. App'x. 479, 485 (7th Cir. 2001) (citing *T.W. by Enk v. Brophy*, 124 F.3d 893, 895 (7th Cir. 1997)). "However, a party representing a minor child may not do so without counsel." *Howell v. Manitowoc Cty. DHS*, JPS-20-1121, 2020 WL 7496394, at *1 (E.D. Wis. Dec. 21, 2020); *see also Gilbank v. Wood Cty. Dep't of Human Servs.*, JDP-20-601, 2020 WL 7364511, at *3 (W.D. Wis. Dec. 15, 2020); *Bullock v. Dioguardi*, 847 F. Supp. 553, 560 (N.D. Ill. 1993) ("Although a parent has a right to litigate claims on his own behalf without an attorney, he cannot litigate the claims of his children unless he obtains counsel."). "This rule is designed to protect the interests of the represented party because a party may be bound, or have rights waived, by their legal representative" and the concern is especially strong "in the context of a minor." *Graham v. City of Elkhart*, JED-21-495, 2021 WL 5741330, at *5 (N.D. Ind. Dec. 2, 2021) (citing *Elustra v. Mineo*, 595 F.3d 699, 704 (7th Cir. 2010)). "There are exceptions to this rule; for example, parents may bring claims pro se on behalf of their children in an effort to secure social security benefits. However, no comparable exception has ever been recognized for a lawsuit based on § 1983 …." *Oleszczak ex rel. C.O. v. Illinois Dep't of Children and Family Servs.*, GF-17-933, 2018 WL 3428102, at *3 (N.D. Ill. 2018) (citation omitted). And, as I previously stated, "this exception is very narrow." *Wrhel v. United States*, JES-18-1199, 2018 WL 3800251, at *2 (C.D. Ill. July 25, 2018).

Here, Plaintiff's minor children do not have the legal (or actual) capacity to represent themselves or sign a filing. As such, Plaintiff, *i.e.*, their mother, may not purport to represent them, as she is neither a lawyer nor their legal guardian. *See Burnside v. State of Illinois Tenth Judicial Circuit Court*, JBM-23-1107, 2023 WL 3568097, at *4 n.4 (C.D. Ill. Apr. 24, 2023) ("A parent must also have some measure of custody over the child, in particular the legal right to make

decisions for the child in the area addressed by the lawsuit (e.g., parental responsibility for education in a suit challenging the child's educational placement or accommodations), in order to have standing to sue on his or her behalf.") (citing *Navin v. Park Ridge School Dist. 64*, 270 F.3d 1147, 1149 (7th Cir. 2001)). Therefore, to the extent that Plaintiff's § 1983 claim is premised on a constitutional injury sustained by her minor children, the Complaint must be dismissed.

Domestic-Relations Exception

The only explicit relief requested by Plaintiff is for the Court to return her children to her care, or to their grandmother. Doc. 1 at 6; Doc. 3 at 6. However, the Court is barred from providing Plaintiff's requested relief due to the *domestic-relations exception*. *See Mannix v. Machnik*, VMK-05-7232, 2006 WL 566447, at *2 (N.D. Ill. Mar. 3, 2006).

The *domestic-relations exception* "'discourages federal courts from hearing cases–including both diversity and federal-question lawsuits–that would traditionally fall within the ambit of domestic-relations or family courts.'" *Royal v. Wheeler*, WCL-18-412, 2019 WL 8334502, at *3 n.1 (N.D. Ind. Jan. 3, 2019) (quoting *Liggins v. Indiana Child Support Bureau*, RLM-18-486, 2018 WL 4053402, at *2 (N.D. Ind. Aug. 24, 2018) in turn citing *Jones v. Brennan*, 465 F.3d 304, 306 (7th Cir. 2006)). The exception covers a narrow range of issues "involving the granting of divorce, decrees of alimony, and child custody orders." *Kowalski v. Boliker*, 893 F.3d 987, 995 (7th Cir. 2018)). And, it is founded on the principle that "state courts are better suited to adjudicate… [child] custody orders." *Wereko v. Haracz*, 857 F. App'x. 250, 251 (7th Cir. 2021) (citing *Ankenbrandt v. Richards*, 504 U.S. 689, 701–02 (1992)); *see also Huiras v. Cafferty*, No. 23-1385, 2023 WL 6566492, at *2 (7th Cir. Oct. 10, 2023).

Plaintiff asserts only one constitutional injury on her own behalf, the right to associate with her children. But, Plaintiff's requested relief - the return of her children to her custody or to their

grandmother - falls squarely within the purview of the *domestic-relations exception*, and so the Court is unable to consider her claim. *See Covington v. City of Lake Station*, JVB-17-13, 2019 WL 6839323, at *3 (N.D. Ind. Dec. 13, 2019). Indeed, if Plaintiff wishes to contest the State's "handling of h[er] children's custody, h[er]remedy is to appeal within the state court system, not to raise a new collateral attack in federal court." *Vidal v. Wisconsin*, BHL-21-69, 2022 WL 17175093, at *2 (E.D. Wis. Nov. 2, 2022). Consequently, the Court must dismiss the Complaint, as the Court lacks subject matter jurisdiction over Plaintiff's action.[14]

## CONCLUSION

For the reasons set forth above, the Motion (Doc. 4) is DENIED as the Complaint fails to state a claim. For those same reasons, there is no point in allowing this case to proceed if Plaintiff pays the fee, and so the Complaint is DISMISSED. *See, e.g., Bell v. City of Country Club Hills*,

---

[14] It appears that the Court may also be jurisdictionally barred from hearing this case under either the *Rooker-Feldman* doctrine, *see Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983), or the *Younger* abstention doctrine, *see Younger v. Harris*, 401 U.S. 37 (1971), but the docket contains insufficient information to adequately analyze the applicability of either doctrine.

The *Rooker-Feldman* doctrine prohibits federal courts other than the Supreme Court of the United States from reviewing final state court judgments. *See Andrade v. City of Hammond*, 9 F.4th 947, 948 (7th Cir. 2021). The doctrine reflects the fact that "[l]ower federal courts are not vested with appellate authority over state courts." *Sykes v. Cook County Circuit Court Prob. Div.*, 837 F.3d 736, 741 (7th Cir. 2016). This doctrine applies to child custody orders. *See Hadzi-Tanovic v. Johnson*, 62 F.4th 394, 399-408 (7th Cir. 2023). Thus, to the extent that Plaintiff challenges a state court order on child custody, this Court lacks jurisdiction to hear the case.

The *Younger* abstention doctrine "directs federal courts to abstain from exercising jurisdiction over federal claims that seek to interfere with pending state proceedings." *J.B. v. Woodard*, 997 F.3d 714, 722 (7th Cir. 2021). *Younger* abstention applies in cases where a plaintiff in federal court seeks to influence ongoing child custody proceedings. *See Wereko v. Rosen*, TMD-22-2177, 2023 WL 2241989, at *10 (N.D. Ill. Feb. 27, 2023) (citing *Doe v. Lindell*, No. 22-1666, 2023 WL 196467, at *4 (7th Cir. Jan. 17, 2023). Therefore, if Plaintiff's custody proceedings are ongoing, the Court would likely lack jurisdiction to adjudicate the case.

841 F.3d 713, 717 (7th Cir. 2016) (to proceed with a § 1983 action, a plaintiff must allege that the defendant deprived her of a federal constitutional right while acting under color of state law).

While Plaintiff is precluded from proceeding here for the reasons enumerated, the Court cannot foreclose the possibility that she might yet regain custody, obtain counsel, and have standing to proceed on behalf of her minor children in a § 1983 action. For this reason, the Complaint is dismissed without prejudice. Additionally, this order and opinion is without preclusive effect to the extent that Plaintiff wishes to pursue her cause of action in State court.

The Clerk is directed to CLOSE the case.

Signed on this 17th day of October 2023.

*/s/ James E. Shadid*
United States District Judge